1 | **MARKUN ZUSMAN & COMPTON LLP**
2 | David S. Markun (SBN 108067)
William A. Baird (SBN 192675)
3 | 17383 W. Sunset Blvd, Suite A380
Pacific Palisades, CA 90272
4 | Telephone: (310) 454-5900
Facsimile: (310) 454-5970
5 | Email: tbaird@mzclaw.com

6 | **WOOD LAW FIRM, LLC**
E. Kirk Wood (AL. SBN 2937-W55E)(*Pro-Hac-Vice* Pending)
7 | 2001 Park Place North, Suite 1000
Birmingham, AL 35203
8 | Telephone: (205) 612-0243
Facsimile: (866) 747-3905
Email: ekirkwood1@cs.com

9

*Attorneys for Plaintiff*

**BY FAX**

**FILED**

NOV - 9 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HEATHER DIEFFENBACH, individually and on behalf of all others similarly situated, | C 12 5800 CASE NO.: **CLASS ACTION COMPLAINT FOR DAMAGES** |
| Plaintiff, | **1. VIOLATION OF CALIFORNIA CIVIL CODE §§ 1798.80, *et seq.*** |
| vs. | **2. WILLIFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT** |
| BARNES & NOBLE, INC., a Corporation, | **3. NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT** |
| Defendant. | **4. NEGLIGENCE** |
| | **5. INVASION OF PRIVACY** |
| | **6. VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*** |
| | **DEMAND FOR JURY TRIAL** |

1      Plaintiff HEATHER DIEFFENBACH ("Plaintiff"), on behalf of herself and all

2 others similarly situated, alleges the following against defendant BARNES &

3 NOBLE, INC., a Corporation, as follows:

## NATURE OF THE ACTION

5      1.     Plaintiff brings this class action to redress Defendant's breach of data

6 security which resulted in the theft of personal information of numerous individuals

7 ("the Class") whose credit card information and/or debit card information and PIN

8 numbers ("Personal Information" or "PI")) was stolen when they swiped their cards

9 through compromised PIN pads that Defendant failed to secure and protect in at least

10 sixty-three (63) Barnes & Noble stores.

11      2.     Defendant BARNES & NOBLE, INC. ("Defendant" or "Barnes &

12 Noble") is in the business of, among other things, selling books and other products to

13 customers. Plaintiff is a customer that purchased products at a Barnes & Noble store

14 affected by the breach during the relevant time period.

15      3.     Defendant was entrusted with, among other things, safeguarding

16 Plaintiff's and Class Members' Personal Information. However, Defendant failed to

17 adopt and maintain adequate procedures to protect such information and limit its

18 dissemination of such information only for permissible purposes. As a direct and/or

19 proximate result of Defendant's willful, reckless, and/or negligent actions, an

20 unauthorized third party obtained Plaintiff's and Class Members' Personal

21 Information for no permissible purpose.

22      4.     Plaintiff brings suit for Defendant's failure to implement and maintain

23 policies and procedures to adequately protect the personal information of the Plaintiff

24 and the Class from unauthorized access, use, and/or disclosure. Defendant also failed

25 to implement and maintain policies and procedures to detect and prevent such

26 unauthorized acts. If Defendant had such policies and procedures in place, it would

27 have prevented this security breach in the first place. Second, Plaintiff brings suit for

28

1  the damages arising out of the breach itself.  Third, Plaintiff brings suit for the
2  damages arising out of Defendant's inexplicable delay in providing notice to Plaintiff
3  and the Class of the security breach.  Such untimely and unreasonable delay prevented
4  Plaintiff and the Class from taking immediate steps to monitor and attempt to
5  safeguard their personal information.

6      5.      Defendant's conduct has directly and proximately caused economic and
7  non-economic damages, invasion of privacy, deprivation of the exclusive use and
8  control of individuals' own personal, financial and/or otherwise non-public
9  information.  Further, Defendant's conduct has affected Plaintiff's and the Class's
10 ability to fully protect themselves from fraud.

11     6.      As a direct and proximate result of Defendant's conduct, unauthorized
12 persons have Plaintiff's and Class Members' Personal Information.  Plaintiff, on
13 behalf of the Class and Sub-Class, seeks injunctive relief, compensatory and punitive
14 damages, statutory penalties and restitution for statutory and common law violations
15 of California law as well as applicable Federal law.

16

17                              **PARTIES**

18     7.      Plaintiff is, and at all times relevant hereto was, a resident of Los
19 Angeles County, California.  Plaintiff is a customer of Defendant.  After Barnes &
20 Noble issued its press release on October 24, 2012, Plaintiff learned that data breaches
21 occurred at Barnes & Noble stores and that customers' Personal Information had been
22 stolen through PIN pads that Barnes & Noble failed to adequately safeguard and
23 protect.  On numerous occasions over the last several months, and before September
24 14, 2012, Plaintiff was a customer of  and made purchases at Barnes & Nobles'
25 Calabasas, California, location, which is one of the locations, in addition to several in
26 Northern California, where Barnes & Noble admits PIN pads had been tampered with.

27     8.      Defendant Barnes & Noble is a Delaware corporation with its principal
28 place of business in New York, New York.  Barnes & Noble is a bookseller that sells

1 books, eBooks, Nook devices (eBook readers), magazines, food and beverages, and
2 other items. Between its retail stores and its online operations, Barnes & Noble sells
3 approximately 300 million books per year. Plaintiff is informed and believes that
4 Defendant regularly transacts business in the State of California and the Northern
5 District of California including in San Jose, San Mateo, and Walnut Creek.

6 ## JURISDICTION AND VENUE

7    9.    This class action suit is founded upon California state and Federal Law.

8    10.    Plaintiff is a citizen of the State of California. Plaintiff is informed
9 and believes, and based thereon alleges that Defendant is a Corporation formed in the
10 State of Delaware and has its principal executive offices in the State of New York.
11 The amount in controversy for this class action exceeds $5,000,000.00. Therefore, this
12 Court has jurisdiction under 28 U.S.C.§ 1332. Venue is proper in the Northern
13 District of California, San Francisco , in that Defendant is authorized to conduct and
14 does conduct significant amounts of business in Marin County as well other parts of
15 the Northern District and California. Several of the transactions that are the subject of
16 this lawsuit occurred within this district.

17 ## CLASS ALLEGATIONS

18    11.    Plaintiff repeats and realleges the allegations set forth above, and
19 incorporates the same as if set forth herein at length.

20    12.    Plaintiff brings this action on her own behalf and on behalf of all other
21 persons similarly situated pursuant to Fed. R. Civ. P. 23. The Class which Plaintiff
22 seeks to represent is:

23

24

25

26

27

28

4

**All persons who swiped their credit or debit card at one of the Barnes & Noble locations where tampered PIN pads have been discovered, said stores being as follows:**

| Store Address | City | State | Zip |
|---|---|---|---|
| 4735 Commons Way | Calabasas | CA | 91302 |
| 2470 Tuscany Street Suite 101 | Corona | CA | 92881 |
| 2015 Birch Road Suite 700 | Chula Vista | CA | 91915 |
| 313 Corte Madera Town Center | Corte Madera | CA | 94925 |
| 5604 Bay Street | Emeryville | CA | 94608 |
| 810 West Valley Parkway | Escondido | CA | 92025 |
| 1315 E. Gladstone Street | Glendora | CA | 91740 |
| 5183 Montclair Plaza Lane | Montclair | CA | 91763 |
| 894 Marsh St Bldg G | San Luis Obispo | CA | 93401 |
| 2615 Vista Way | Oceanside | CA | 92054 |
| 72-840 Highway 111 Suite 425 | Palm Desert | CA | 92260 |
| 27460 West Lugonia Ave | Redlands | CA | 92374 |
| 1150 El Camino Real Space 277 | San Bruno | CA | 94066 |
| 10775 Westview Parkway | San Diego | CA | 92126 |
| 3600 Stevens Creek Blvd | San Jose | CA | 95117 |
| 11 West Hillsdale Blvd. | San Mateo | CA | 94403 |
| 9938 Mission Gorge Road | Santee | CA | 92071 |
| 40570 Winchester Rd | Temecula | CA | 92591 |
| 4820 Telephone Road | Ventura | CA | 93003 |

| | | | |
|---|---|---|---|
| 1149 S. Main St. | Walnut Creek | CA | 94596 |
| 470 Universal Drive North | North Haven | CT | 06473 |
| 100 Greyrock Place Suite H009 | Stamford | CT | 06901 |
| 60 Isham Road | W. Hartford | CT | 06107 |
| 18711 NE Biscayne Blvd | Aventura | FL | 33180 |
| 333 N. Congress Avenue | Boynton Beach | FL | 33436 |
| 152 Miracle Mile | Coral Gables | FL | 33134 |
| 1900 W International Spdway | Daytona Beach | FL | 32114 |
| 2051 N. Federal Highway | Fort Lauderdale | FL | 33305 |
| 12405 N Kendall Drive | Miami | FL | 33186 |
| 11380 Legacy Ave | Palm Beach Gardens | FL | 33410 |
| 14572 SW 5th St Suite 10140 | Pembroke Pines | FL | 33027 |
| 11820 Pines Blvd | Pembroke Pines | FL | 33026 |
| 5701 Sunset Drive Suite 196 | S. Miami | FL | 33143 |
| 700 Rosemary Ave Unit #104 | West Palm Beach | FL | 33401 |
| 1441 West Webster Avenue | Chicago | IL | 60614 |
| 1130 North State Street | Chicago | IL | 60610 |
| 5380 Route 14 | Crystal Lake | IL | 60014 |
| 20600 North Rand Road | Deer Park | IL | 60010 |
| 728 North Waukegan Road | Deerfield | IL | 60015 |
| 1630 Sherman Avenue | Evanston | IL | 60201 |
| 1468 Springhill Mall Blvd | W. Dundee | IL | 60118 |

**Complaint**

| 170 Boylston Street | Chestnut Hill | MA | 02467 |
|---|---|---|---|
| 96 Derby Street Suite 300 | Hingham | MA | 02043 |
| 82 Providence Highway | East Walpole | MA | 2032 |
| 395 Route 3 East | Clifton | NJ | 07014 |
| 55 Parsonage Road | Edison | NJ | 08837 |
| 2134 State Highway 35 | Holmdel | NJ | 07733 |
| 4831 US Hwy 9 | Howell | NJ | 07731 |
| 23-80 Bell Blvd. | Bayside | NY | 11360 |
| 176-60 Union Turnpike | Fresh Meadows | NY | 11366 |
| 1542 Northern Blvd | Manhasset | NY | 11030 |
| 160 E 54th Street (Citicorp) | New York | NY | 10022 |
| 2289 Broadway | New York | NY | 10024 |
| 33 East 17th Street (Union Square) | New York | NY | 10003 |
| 555 Fifth Ave | New York | NY | 10017 |
| 2245 Richmond Avenue | Staten Island | NY | 10314 |
| 230 Main St | White Plains | NY | 10601 |
| 97 Warren Street | New York | NY | 10007 |
| 100 West Bridge Street | Homestead | PA | 15120 |
| 800 Settlers Ridge Center Drive | Pittsburgh | PA | 15205 |
| 1311 West Main Road | Middleton | RI | 02842 |
| 371 Putnam Pike Suite 330 | Smithfield | RI | 02917 |
| 1350-B Bald Hill Rd | Warwick | RI | 02886 |

7

1    Plaintiff also seeks to represent a Sub-Class of individuals as follows:

2    **All persons in the State of California who swiped their credit or debit card at**
3    **one of the Barnes & Noble locations where tampered PIN pads have been**
     **discovered, said stores being as follows:**

4

5

| Store Address | City | State | Zip |
|---|---|---|---|
| 4735 Commons Way | Calabasas | CA | 91302 |
| 2470 Tuscany Street Suite 101 | Corona | CA | 92881 |
| 2015 Birch Road Suite 700 | Chula Vista | CA | 91915 |
| 313 Corte Madera Town Center | Corte Madera | CA | 94925 |
| 5604 Bay Street | Emeryville | CA | 94608 |
| 810 West Valley Parkway | Escondido | CA | 92025 |
| 1315 E. Gladstone Street | Glendora | CA | 91740 |
| 5183 Montclair Plaza Lane | Montclair | CA | 91763 |
| 894 Marsh St Bldg G | San Luis Obispo | CA | 93401 |
| 2615 Vista Way | Oceanside | CA | 92054 |
| 72-840 Highway 111 Suite 425 | Palm Desert | CA | 92260 |
| 27460 West Lugonia Ave | Redlands | CA | 92374 |
| 1150 El Camino Real Space 277 | San Bruno | CA | 94066 |
| 10775 Westview Parkway | San Diego | CA | 92126 |
| 3600 Stevens Creek Blvd | San Jose | CA | 95117 |
| 11 West Hillsdale Blvd. | San Mateo | CA | 94403 |
| 9938 Mission Gorge Road | Santee | CA | 92071 |
| 40570 Winchester Rd | Temecula | CA | 92591 |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| 4820 Telephone Road | Ventura | CA | 93003 |
| 1149 S. Main St. | Walnut Creek | CA | 94596 |

For purposes of this complaint, members of "the Class" also includes members of "the Sub-Class." Excluded from both the Class and the Sub-Class are Defendant, any parent, subsidiary or affiliate of Defendant, and its officers, directors and employees who are or have been employed by Defendant during the above-defined Class Period, and any judicial officer who may preside over this cause of action. Said definitions of the Class may be further defined or amended by additional pleadings, evidentiary hearings, class certification hearing, and/or orders of this Court.

13. The requirements for maintaining this action as a class action are satisfied. The putative Class is believed to be comprised of thousands of persons, making joinder impracticable. Disposition of this matter as a class action will provide substantial benefits and efficiencies to the parties and the Court.

14. The rights of each Class Member were violated in a virtually identical manner as a result of Defendant's willful, reckless and/or negligent actions and/or inaction.

15. Questions of law and fact common to all Class Members exist and predominate over any questions affecting only individual Class Members including, *inter alia*:

        a)     Whether Defendant violated FCRA by failing to properly secure and protect its PIN pads and Plaintiff's and Class Members' Personal Information;

b)  Whether Defendant willfully, recklessly and/or negligently failed to maintain and/or execute reasonable procedures designed to prevent unauthorized access to Plaintiff's and Class Members' Personal Information;

c)  Whether Defendant was negligent in failing to properly secure and protect its PIN pads and Plaintiff's and Class Members' Personal Information;

d)  Whether Defendant owed a duty to Plaintiff and Class Members to exercise reasonable care in protecting and securing their PIN pads and Plaintiff's and Class Members' Personal Information;

e)  Whether Defendant breached its duty to exercise reasonable care in failing to protect and secure their PIN pads and Plaintiff's and Class Members' Personal Information;

f)  Whether Defendant was negligent in failing to protect and secure their PIN pads and Plaintiff's and Class Members' Personal Information;

g)  Whether by publicly disclosing Plaintiff's and Class Members' Personal Information without authorization, Defendant invaded Plaintiff's and Class Members' privacy;

h)  Whether Plaintiff and Class Members sustained damages as a result of Defendant's failure to secure and protect Plaintiff's and Class Members' Personal Information;

i)  Whether, at all times relevant herein, Defendant failed to adequately implement any procedures and policies to protect and secure the personal identifiable information of Plaintiff and the Class;

j)  Whether, at all times relevant herein, Defendant failed to adequately maintain any procedures and policies to protect and secure the personal identifiable information of Plaintiff and the Class;

k)     Whether Defendant failed to notify Plaintiff and the Class of the security breach in the most expedient time possible and without unreasonable delay;

l)     Whether Defendant's conduct violated <u>Civil Code</u> §§1798.80, *et seq.*;

m)     Whether Defendant concealed the breach from Plaintiff and the Class;

n)     Whether Defendant's conduct as described herein was negligent;

o)     Whether Defendant's conduct as described herein was intentional;

p)     Whether Defendant's conduct as described herein was reckless;

q)     Whether Defendant's conduct as described herein was deceptive, unlawful or unfair in any respect, thereby violating California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.;

r)     Whether Defendant's conduct as described herein caused injury to Plaintiff and the Class; and,

s)     Whether Defendant's conduct caused injury to Plaintiff and the Sub-Class.

16.     Plaintiff and her counsel will fairly and adequately represent the interests of Class Members. Plaintiff has no interests antagonistic to, or in conflict with, Class Members' interests. Plaintiff's lawyers are highly experienced in the prosecution of consumer class action and data breach cases.

17.     Plaintiff's claims are typical of Class Members' claims in that Plaintiff's claims and Class Members' claims all arise from Defendant's failure to properly secure and protect their PIN pads and Plaintiff's and Class Members' Personal Information.

1    18.    A class action is superior to all other available methods for fairly and
2  efficiently adjudicating Plaintiff's and Class Members' claims. Plaintiff and Class
3  Members have been harmed as a result of Defendant's wrongful actions and/or
4  inaction. Litigating this case as a class action will reduce the possibility of repetitious
5  litigation relating to Defendant's conduct.

6    19.    The Class members are ascertainable and can be ascertained and
7  identified from, among other things, Defendant's records.

8    20.    Defendant's failure to adequately safeguard Class Members' personal,
9  sensitive information and subsequent failure to timely inform the Class of the security
10 breach, is applied uniformly to all members of the Class, so that the questions of law
11 and fact are common to all members of the Class.

12    21.    Certification of this class action is appropriate under Fed. R. civ. P. 23,
13 because the questions of law or fact common to the respective Class members
14 predominate over questions of law or fact affecting only individual members. This
15 predominance makes class litigation superior to any other method available for the fair
16 and efficient adjudication of these claims. Absent a class action, it would be highly
17 unlikely that the representative Plaintiff or any other Class member would be able to
18 protect their own interests, because the cost of litigation through individual lawsuits
19 would exceed expected recovery.

20    22.    Certification is also appropriate because Defendant acted or refused to
21 act on grounds generally applicable to the Class, thereby making appropriate final
22 injunctive relief with respect to the Class as a whole.

23    23.    Further, given the large number of Class members and Sub-Class
24 members, allowing individual actions to proceed in lieu of a class action would run
25 the risk of yielding inconsistent and conflicting adjudication.

26    24.    A class action is a fair and appropriate method for the adjudication of
27 the controversy, in that it will permit a large number of claims to be resolved in a
28

1 single forum simultaneously, efficiently, and without the unnecessary hardship that
2 would result from the prosecution of numerous individual actions and duplication of
3 discovery, effort, expense, and burden on the courts that such individual actions would
4 engender.

5 ## FACTUAL ALLEGATIONS

6

7 25. Plaintiff repeats and realleges the allegations set forth above, and
8 incorporates the same as if set forth herein at length.

9 26. On October 24, 2012, Barnes & Noble announced that PIN pads at
10 sixty-three (63) of its stores had been compromised.

11 27. According to Barnes & Noble's Press Release of October 24, 2012,
12 Plaintiff's and Class Members' Personal Information—including credit card and debit
13 card information, and debit card PIN numbers—was stolen by criminals who tampered
14 with Barnes & Noble's PIN pads.

15 28. Further, Barnes & Noble's Press Release of October 24, 2012, states
16 that Defendant conducted and completed an internal investigation that involved the
17 inspection and validation of every PIN pad in every store. Defendant found PIN pads
18 had been tampered with at 63 of its stores.

19 29. As a result of Defendant's failure to properly safeguard and protect its
20 PIN pads, criminals were able to plant bugs in the PIN pad devices, thereby allowing
21 the criminals to capture Plaintiff's and Class Members' credit card, debit card, and
22 PIN numbers. Thus, when Plaintiff and Class Members swiped their credit and/or
23 debit cards, their Personal Information was stolen and their privacy was invaded.

24 30. The tampered with PIN pads were discovered in stores in 9 states:
25 California, Connecticut, Florida, Illinois, Massachusetts, New Jersey, New York,
26 Pennsylvania, and Rhode Island.

27

28

31. Barnes & Noble stated in its Press Release that by the close of business on September 14, 2012, it had disconnected all PIN pads from its stores nationwide.

32. Barnes & Noble is instructing customers who swiped their cards at any of the Barnes & Noble stores with affected PIN pads to take certain steps. Debit card users should change the PIN numbers on their debit cards, review their accounts for unauthorized transactions, and notify their banks immediately if they discover any unauthorized purchases or withdrawals. Credit card users should review their accounts for unauthorized transactions, and notify their banks immediately if they discover any unauthorized purchases or cash advances.

33. Debit card users will now be required to take the time to change their PIN numbers on their debit cards, and both debit and credit card users will have to closely review and monitor their accounts for unauthorized activity. Plaintiff and Class Members now face a greater risk of identity theft.

34. Identity theft occurs when a person's personally identifying information, such as the person's name, e-mail address, billing and shipping addresses, phone number and credit card information is used without his or her permission to commit fraud or other crimes. *See* Federal Trade Commission, Fighting Back against Identity Theft. *See* www.ftc.gov/b cp/edu/microsites/idtheft/consumers/ about-identity-theft.html (last visited Oct. 29, 2012). The Federal Trade Commission estimates that the identities of as many as 9 million Americans are stolen each year. *Id.*

35. As a direct and/or proximate result of the Barnes & Noble data breach, the criminal(s) and/or their customers (there is a robust international market for information such as the purloined Personal Information) now have Plaintiff's and Class Members' Personal Information.

36. According to the Federal Trade Commission, "Identity theft is serious. While some identity theft victims can resolve their problems quickly, others spend hundreds of dollars and many days repairing damage to their good name and credit

1 record. Some consumers victimized by identity theft may lose out on job
2 opportunities, or be denied loans for education, housing or cars because of negative
3 information on their credit reports. In rare cases, they may even be arrested for crimes
4 they did not commit."

5     37.     Identity theft crimes often involve more than just crimes of financial
6 loss, such as various types of government fraud (such as obtaining a driver's license or
7 official identification card in the victim's name but with their picture), using a
8 victim's name and Social Security number to obtain government benefits and/or filing
9 a fraudulent tax return using a victim's information. Identity thieves also obtain jobs
10 using stolen Social Security numbers, rent houses and apartments and/or obtain
11 medical services in a victim's name. Identity thieves also have been known to give a
12 victim's Personal Information to police during an arrest, resulting in the issuance of an
13 arrest warrant in the victim's name and an unwarranted criminal record.

14     38.     Plaintiff has made frequent purchases at the Barnes & Noble store in
15 Calabasas, California, over the past several months.

16     39.     Defendant's wrongful actions and/or inaction here directly and/or
17 proximately caused the theft and dissemination into the public domain of Plaintiff's
18 and Class Members' Personal Information without their knowledge, authorization
19 and/or consent. As a further direct and/or proximate result of Defendant's wrongful
20 actions and/or inaction, Plaintiff and Class Members have suffered, and will continue
21 to suffer, damages including, without limitation, lost time and expenses for debit and
22 credit card monitoring and identity theft insurance, out-of-pocket expenses, anxiety,
23 emotional distress, loss of privacy and other economic and non-economic harm.

24     40.     To date, Defendant has not offered Plaintiff and Class Members any
25 compensation or direct personal protection from the data breach, such as credit
26 monitoring services and/or identity theft insurance.

27

28

1   41.  California law gives the protection of its citizens' privacy the highest

2 priority. Article 1, Section 1 of the California Constitution states:

3

    All people are by nature free and independent and have inalienable
    rights. Among these are enjoying and defending life and liberty,
4    acquiring, possessing and protecting property, and pursing and
    obtaining safety, happiness and <u>privacy</u>." (emphasis added)
5

6   California citizens' rights to privacy have been compromised and

7 infringed by the acts and omissions of Defendant, and each of them, as

8 described herein.

9   51.  California's common law and statutory scheme also recognizes and

10 protects California residents' right of privacy. For example, <u>Civil Code</u> § 1798.81.5(a)

11 states:

12

    It is the intent of the Legislature to ensure that personal information
    about California residents is protected. To that end, the purpose of
13    this section is to encourage businesses that own or license personal
    information about Californians to provide reasonable security for that
14    information.

15   52.  Further, section 1798.81.5(c) also requires a business that discloses

16 private information to third parties to contractually require the third party to

17 implement and maintain reasonable security procedures and practices to protect the

18 private information from security breaches.

19

20   52 (a).  As a result of Defendant's breach of security concerning the Personal

21 Information of Plaintiff and the Class, Plaintiff and the Class suffered injury in fact

22 and monetary and non-monetary damages. Defendant's wrongful actions and/or

23 inaction here directly and/or proximately caused the theft and dissemination into the

24 public domain of Plaintiff's and Class Members' Personal Information without their

25 knowledge, authorization and/or consent. As a further direct and/or proximate result

26 of Defendant's wrongful actions and/or inaction, Plaintiff and Class Members have

27 suffered, and will continue to suffer, damages including, without limitation, lost time

28

**Complaint**

1 and expenses for debit and credit card monitoring and identity theft insurance, out-

2 of-pocket expenses, anxiety, emotional distress, loss of privacy and other economic

3 and non-economic harm.

4     53.     To date, Defendant has not offered Plaintiff and Class Members any

5 compensation or direct personal protection from the data breach, such as credit

6 monitoring services and/or identity theft insurance.

7

8 ## FIRST CAUSE OF ACTION FOR FAILURE

9 ## TO PROTECT SECURITY OF PRIVATE INFORMATION (VIOLATION OF

10 ## CALIFORNIA CIVIL CODE §§ 1798.80, *ET SEQ.*)

11 **(By Plaintiff, the Class and Subclass against Defendant)**

12     54.     Plaintiff repeats and realleges the allegations set forth above, and

13 incorporates the same as if set forth herein at length.

14     55.     Defendant Barnes and Noble, Inc., as a corporation, is a "business"

15 within the meaning of Civil Code § 1798.80(a).

16     56.     Plaintiff and each member of the Class and each member of the Subclass

17 (collectively, "the Class") is an "individual" within the meaning of Civil Code §

18 1798.80(c).

19     57.     Section 1798.82 of the California Civil Code provides, in pertinent part,

20 as follows:

21

22     (a) Any person or business that conducts business in California, and that

    owns or licenses computerized data that includes personal information,

23     shall disclose any breach of the security of the system following

    discovery or notification of the breach in the security of the data to any

24     resident of California whose unencrypted personal information was, or

    is reasonably believed to have been, acquired by an unauthorized

25     person. The disclosure shall be made in the most expedient time

    possible and without unreasonable delay, consistent with the legitimate

26     needs of law enforcement, as provided in subdivision (c), or any

    measures necessary to determine the scope of the breach and restore the

27     reasonable integrity of the data system.

28

**1**
**2**
**3**

(b) Any person or business that maintains computerized data that includes personal information that the person or business does not own shall notify the owner or licensee of the information of any breach of the security of the data immediately following discovery, if the personal information was, or is reasonably believed to have been, acquired by an unauthorized person.

**4**
**5**
**6**

(c) The notification required by this section may be delayed if a law enforcement agency determines that the notification will impede a criminal investigation. The notification required by this section shall be made after the law enforcement agency determines that it will not compromise the investigation.

**7**
**8**
**9**

(d) Any person or business that is required to issue a security breach notification pursuant to this section shall meet all of the following requirements:

**10**

(1) The security breach notification shall be written in plain language.

**11**
**12**

(2) The security breach notification shall include, at a minimum, the following information:

**13**
**14**

(A) The name and contact information of the reporting person or business subject to this section.

**15**
**16**

(B) A list of the types of personal information that were or are reasonably believed to have been the subject of a breach.

**17**
**18**
**19**

(C) If the information is possible to determine at the time the notice is provided, then any of the following: (i) the date of the breach, (ii) the estimated date of the breach, or (iii) the date range within which the breach occurred. The notification shall also include the date of the notice.

**20**
**21**

(D) Whether notification was delayed as a result of a law enforcement investigation, if that information is possible to determine at the time the notice is provided.

**22**
**23**

(E) A general description of the breach incident, if that information is possible to determine at the time the notice is provided.

**24**
**25**
**26**

(F) The toll-free telephone numbers and addresses of the major credit reporting agencies if the breach exposed a social security number or a driver's license or California identification card number.

\*     \*     \*

**27**
**28**

(f) Any person or business that is required to issue a security breach notification pursuant to this section to more than 500 California

residents as a result of a single breach of the security system shall electronically submit a single sample copy of that security breach notification, excluding any personally identifiable information, to the Attorney General.   A single sample copy of a security breach notification shall not be deemed to be within subdivision (f) of Section 6254 of the Government Code.

(g) For purposes of this section, "breach of the security of the system" means unauthorized acquisition of computerized data that compromises the security, confidentiality, or integrity of personal information maintained by the person or business. Good faith acquisition of personal information by an employee or agent of the person or business for the purposes of the person or business is not a breach of the security of the system, provided that the personal information is not used or subject to further unauthorized disclosure.

58.     The credit card and debit card information of Plaintiff and Class members that is provided when they swipe their cards at Barnes & Noble's PIN pads constitute computerized data that includes personal information that is maintained by, but not owned by, Barnes & Noble. Section 1798.82 (b).

59.     Barnes & Noble's failure to have reasonable measures in place to secure its PIN pads was willfull, intentional, or reckless.

60.     All people are by nature free and independent and have inalienable rights.  Among these are enjoying and defending life and liberty, acquiring, possessing and protecting property, and pursing and obtaining safety, happiness and privacy." (emphasis added)

61.     California citizens' rights to privacy have been compromised and infringed by the acts and omissions of Defendants, and each of them, as described herein.

62.     Pursuant to Section 1798.84 of the California Civil Code:

(a) Any waiver of a provision of this title is contrary to public policy and is void and unenforceable.

(b) Any customer injured by a violation of this title may institute a civil action to recover damages.

(c) In addition, for a willful, intentional, or reckless violation of Section 1798.83, a customer may recover a civil penalty not to exceed three thousand dollars ($3,000) per violation; otherwise, the customer may

recover a civil penalty of up to five hundred dollars ($500) per violation for a violation of Section 1798.83.

\* \* \*

(e) Any business that violates, proposes to violate, or has violated this title may be enjoined.

63. As a result of Barnes & Noble's violation of Cal. Civ. Code § 1798.82, Plaintiff and the other Class members incurred economic damages, such as expenses for credit monitoring and, in some cases, the loss of use of their credit card or debit card.

64. All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing and protecting property, and pursing and obtaining safety, happiness and privacy." (emphasis added)

65. California citizens' rights to privacy have been compromised and infringed by the acts and omissions of Defendants, and each of them, as described herein.

66. Plaintiff, individually and on behalf of the Class, seeks all remedies available under Cal. Civ. Code § 1798.84, including, but not limited to: (a) damages suffered by Plaintiff and the other Class members as alleged above; (b) statutory damages for Barnes & Noble's willful, intentional, and/or reckless violation of Cal. Civ. Code § 1798.83; and (c) equitable relief.

67. Plaintiff also seeks reasonable attorneys' fees and costs under Cal. Civ. Code §1798.84(g).

1    **SECOND CAUSE OF ACTION**

2    **WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**

3    **(By Plaintiff, the Class and Subclass against Defendant)**

4

5

6    68.    Plaintiff repeats and realleges the allegations set forth above, and

7    incorporates the same as if set forth herein at length.

8    69.    Federal Credit Reporting Act "FCRA" requires consumer reporting

9    agencies to adopt and maintain procedures for meeting the needs of commerce for

10   consumer credit, personnel, insurance and other information in a manner fair and

11   equitable to consumers while maintaining the confidentiality, accuracy, relevancy and

12   proper utilization of such information. 15 U.S.C. § 1681(b).

13   70.    FCRA defines a "consumer reporting agency" as:

14
          Any person which, for monetary fees, dues, or on a cooperative
15        nonprofit basis, regularly engages in whole or in part in the
          practice of assembling or evaluating consumer credit information
16        or other information on consumers for the purpose of furnishing
          consumer reports to third parties, and which uses any means or
17        facility of interstate commerce for the purpose of preparing or
18        furnishing consumer reports.

19
     15 U.S.C. § 1681a(f).
20

21   75.    FCRA defines a "consumer report" as:

22
          [A]ny written, oral, or other communication of any information by
23        a consumer reporting agency bearing on a consumer's credit
          worthiness, credit standing, credit capacity, character, general
24        reputation, personal characteristics, or mode of living which is
25        used or expected to be used or collected in whole or in part for the
          purpose of establishing the consumer's eligibility for credit or
26        insurance to be used primarily for personal, family, or household
          purposes; employment purposes, or any other purpose authorized
27        under [15 U.S.C. §] 1681(b).
28

21

15 U.S.C. § 1681a(d)(1).

76.    Defendant is a Consumer Reporting Agency as defined under FCRA because on a cooperative nonprofit basis and/or for monetary fees, Defendant regularly engages, in whole or in part, in the practice of assembling information on consumers for the purpose of furnishing Consumer Reports to third parties and/or uses interstate commerce for the purpose of preparing and/or furnishing Consumer Reports.

77.    As a Consumer Reporting Agency, Defendant was (and continues to be) required to adopt and maintain procedures designed to protect and limit the dissemination of consumer credit, personnel, insurance and other information in a manner fair and equitable to consumers while maintaining the confidentiality, accuracy, relevancy, and proper utilization of such information.    Defendant, however, violated FCRA by failing to adopt and maintain such protective procedures which, in turn, directly and/or proximately resulted in the theft and wrongful dissemination of Plaintiff's and Class Members' Personal Information into the public domain.

78.    Defendant's violation of FCRA, as set forth above, was willful or, at the very least, reckless.

79.    As a direct and/or proximate result of Defendant's willful and/or reckless violations of FCRA, as described above, Plaintiff's and Class Members' Personal Information was stolen and made accessible to unauthorized third parties in the public domain.

80.    As a further direct and/or proximate result of Defendant's willful and/or reckless violations of FCRA, as described above, Plaintiff and Class Members were (and continue to be) damaged in the form of, without limitation, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional

1  distress, loss of privacy and other economic and non-economic harm. Defendant's
2  wrongful actions and/or inaction violated FCRA.

3      81.    Plaintiff and Class Members, therefore, are entitled to compensation for
4  their actual damages including, *inter alia*, expenses for credit monitoring and identity
5  theft insurance, out-of-pocket expenses, and other economic and non-economic
6  harm, or statutory damages of not less than $100, and not more than $1000, each, as
7  well as attorneys' fees, litigation expenses, and costs, pursuant to 15 U.S.C. §
8  1681n(a).

9  **THIRD CAUSE OF ACTION**
10  **NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
11  **(By Plaintiff, the Class and Subclass against Defendant)**

12      82.    Plaintiff repeats and realleges the allegations set forth above, and
13  incorporates the same as if set forth herein at length.

14      83.    Defendant owed a duty to Plaintiff and Class Members to safeguard and
15  protect their Personal Information. In the alternative, and as described above,
16  Defendant negligently violated FCRA by failing to adopt and maintain procedures
17  designed to protect and limit the dissemination of Plaintiff's and Class Members'
18  Personal Information for the permissible purposes outlined by FCRA which, in turn,
19  directly and/or proximately resulted in the theft and wrongful dissemination of
20  Plaintiff's and Class Members' Personal Information into the public domain.

21      84.    It was reasonably foreseeable that Defendant's failure to maintain
22  procedures to protect and secure Plaintiff's and Class Members' Personal
23  Information would result in an unauthorized third party gaining access to their
24  Personal Information for no permissible purpose under FCRA.

25      85.    As a direct and/or proximate result of Defendant's negligent violations
26  of FCRA, as described above, Plaintiff's and Class Members' Personal Information
27  was stolen and made accessible to unauthorized third parties in the public domains.
28

86. As a further direct and/or proximate result of Defendant's negligent violations of FCRA, as described above, Plaintiff and the Class Members were (and continue to be) damaged in the form of, without limitation, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm. Defendant's wrongful actions and/or inaction violated FCRA.

87. Plaintiff and Class Members, therefore, are entitled to compensation for their actual damages, including, *inter alia*, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, and other economic and non-economic harm, as well as attorneys' fees, litigation expenses and costs, pursuant to 15 U.S.C. §1681o(a)

## FOURTH CAUSE OF ACTION

## NEGLIGENCE

### (By Plaintiff, the Class and Subclass against Defendant)

88. Plaintiff repeats and realleges the allegations set forth above, and incorporates the same as if set forth herein at length.

### Duty

89. At all times relevant herein, Defendant, owed a duty to exercise ordinary reasonable care to adequately protect the Personal, Identifiable Information of Plaintiff and each member of the Class and the Subclass ("collectively, "the Class"). This includes, but is not limited to:

a. Defendant's duty to provide for reasonable security of Plaintiff and the Class' PI;

b. Defendant's duty to reasonably protect Plaintiff and the Class' privacy.

c. Defendant's duty to abide by California and Federal law with regard to collecting, maintaining, disclosing and protecting Plaintiff and the Class' PI;

d.    Defendant's duty to reasonably collect, maintain, disclose and protect Plaintiff and the Class' PI;

e.    Defendant's duty to implement reasonable data security procedures and practices to protect PI from unauthorized access, use, or disclosure;

f.    Defendant's duty to maintain reasonable data security procedures and practices to protect Class members' PI from unauthorized access, use, or disclosure;

g.    Defendant's duty to disclose to Plaintiff and the Class any breach of security regarding Plaintiff and the Class' PI in the most expedient time and without unreasonable delay; and,

h.    Defendant's duty to not conceal any breach of security regarding Plaintiff and the Class' PI.

90.    At all relevant times herein, Defendant's duties as alleged herein extended to Plaintiff and the Class.

## **Breach**

91.    At all relevant times herein, individually and in concert, breached their duties and obligations owed to Plaintiff and the Class by, including but not limited to, the following acts:

a.    Defendant was reckless and negligent in its actions toward Plaintiff and the Class in not having reasonable security measures in place to secure its PIN pads;

b.    Defendant was reckless and negligent in its actions toward Plaintiff and the Class in engaging in conduct reasonably foreseeable to bring about economic harm to Plaintiff and the Class;

c.    Defendant was reckless and negligent in its actions toward Plaintiff and the Class, including without limitation:

1.    Defendant's failure to provide for reasonable security of Plaintiff and the Class' PI;

2.    Defendant's failure to reasonably protect Plaintiff and the Class' privacy.

25

3.        Defendant's failure to abide by California and Federal
law with regard to collecting, maintaining, disclosing and
protecting Plaintiff and the Class' PI;

4.        Defendant's failure to reasonably collect, maintain,
disclose and protect Plaintiff and the Class' PII;

5.        Defendant's failure to implement reasonable data
security procedures and practices to protect PII from unauthorized
access, use, or disclosure;

6.        Defendant's failure to maintain reasonable data
security procedures and practices to protect PII from unauthorized
access, use, or disclosure;

7.        Defendant's failure to disclose and/or give notice to
Plaintiff and the Class of any breach of security regarding Plaintiff
and the Class' PI in the most expedient time and without
unreasonable delay; and,

8.        Defendant's intentional concealment of a breach of
security regarding Plaintiff and the Class' PII.

92.     Defendant knew or should have known that its customers, would suffer
foreseeable injuries, damages and harm as a result of Defendant's failure to exercise
reasonable ordinary care as alleged above.

93.     Defendant, and each of them individually and in concert, acted with
recklessness and conscious disregard of the rights of Plaintiff and the Class.

**Complaint**

## Causation

94.     Accordingly, as a proximate and legal result of Defendant's conduct, Plaintiff and the Class have lost money and suffered damages as described above and prayed for herein

95.     Defendant's negligence was a direct, substantial, legal and proximate cause of the injuries, damages, harm and economic loss that Plaintiff and the Class suffered, and will continue to suffer, as described herein.

## Damages

96.     Plaintiff and the Class have suffered economic and non-economic damages as described above and prayed for below in an amount exceeding the jurisdictional limit and in an amount according to proof at trial.  Plaintiff is informed and believes and based thereupon alleges that Defendant will continue to negligently fail to adequately protect the PIs of Plaintiff and the Class.  As a result of Defendant's, conduct, Plaintiff and the Class seek declaratory and injunctive relief, restitution and compensatory and punitive damages.

## FIFTH CAUSE OF ACTION INVASION OF PRIVACY BY PUBLIC DISCLOSURE OF PRIVATE FACTS

### (By Plaintiff, the Class and Subclass against Defendant)

97.     Plaintiff repeats and realleges the allegations set forth above, and incorporates the same as if set forth herein at length.

98.     Plaintiff's and Class Members' Personal Information was (and continues to be) private information.

99.     Defendant's failure to secure and protect Plaintiff's and Class Members' Personal Information directly resulted in the public disclosure of such private information.

1       100.    Dissemination of Plaintiff's and Class Members' Personal Information

2 is not of a legitimate public concern; publicity of their Personal Information would be,

3 is, and will continue to be offensive to Plaintiff, Class Members, and other reasonable

4 people.

5       101.    Plaintiff and Class Members were (and continue to be) damaged as a

6 direct and/or proximate result of Defendant's invasion of their privacy by publicly

7 disclosing their private facts (*i.e.*, their Personal Information) in the form of, *inter alia*,

8 expenses for credit monitoring and identity theft insurance, out-of-pocket expenses,

9 anxiety, emotional distress, loss of privacy, and other economic and non-economic

10 harm, for which they are entitled to compensation. At the very least, Plaintiff and the

11 Class Members are entitled to nominal damages.

12       102.    Defendant's wrongful actions and/or inaction (as described above)

13 constituted (and continue to constitute) an invasion of Plaintiff's and Class Members'

14 privacy by publicly disclosing their private facts (*i.e.*, their Personal Information).

15                              **SIXTH CAUSE OF ACTION**

16    **VIOLATIONS OF BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.***

17           **(By Plaintiff, the Class and Subclass against Defendant)**

18       103.    Plaintiff repeats and realleges the allegations set forth above, and

19 incorporates the same as if set forth herein at length.

20       104.    Plaintiff brings this claim under the Unfair Competition Act (UCL),

21 Business & Professions Code §§ 17200, *et seq.*, on behalf of (i) herself; (ii) and the

22 general public.

23       105.    Business & Professions Code §§ 17200, *et seq.* provides that unfair

24 includes, but is not limited to, "any unlawful, unfair or fraudulent business act or

25 practice[.]"

26

27

28

1       106.    By and .through their conduct as described herein, Defendant, engaged
2   in activities which constitute unlawful, unfair and fraudulent business practices
3   prohibited by Business & Professions Code §§ 17200, *et seq.*

4       107.    Defendant has committed acts of unfair competition, including those
5   described above, by engaging in a pattern of "unlawful" business practices within the
6   meaning of Business & Professions Code §§ 17200, *et seq.* Specifically, Defendant's
7   conduct violates Civil Code §§ 1798.80, *et seq*, as well as the other statutes described
8   above.

9       108.    Defendant knew or should have known at the time learned of the breach
10  that failure to provide timely notice of the breach to Plaintiff and the Class was
11  unlawful, unfair and fraudulent. Further, Defendant knew or should have known that
12  failure to give notice of the breach to Plaintiff and the Class was unlawful.

13      109.    The harmful impact upon members of the general public and the Class
14  resulting from Defendant's conduct as described herein far outweighs any reasons for
15  justifications by Defendant.

16      110.    Defendant, had improper motives (as alleged in this Complaint) in
17  failing to provide timely notice of the breach to the Class. The utilization of unlawful,
18  unfair, unconscionable and/or deceptive practices was and is under the sole control of
19  Defendants.

20      111.    As an individual whose PI was the subject of a data security breach by
21  Defendant, and as a member of the general public in California, Plaintiff is entitled to
22  and does bring this class action seeking all available remedies under the UCL,
23  including declaratory relief, injunctive relief and restitution.

24      112.    As a direct and proximate result of Defendant's unfair, fraudulent and
25  unlawful business practices, Plaintiff and the Class have suffered economic and non-
26  economic damages as described above and prayed for below in an amount exceeding
27  the jurisdictional limit and in an amount according to proof at trial. Plaintiff is
28

1   informed and believes and based thereupon alleges that Defendant will continue to

2   engage in unfair, unlawful and fraudulent business practices.  As a result of

3   Defendant's conduct, Plaintiff and the Class seek declaratory, injunctive and

4   restitutionary relief and compensatory and damages.

5   **PRAYER FOR RELIEF**

6        WHEREFORE, Plaintiff and the Class and the Sub-Class all pray for judgment

7   and relief on all Causes of Action as follows:

8       1.   An order certifying that this action may be maintained as a Class Action;

9       2.   Injunctive relief;

10      3.   Compensatory damages, according to proof at trial;

11      4.   Restitutionary relief, according to proof at trial;

12      5.   Maximum statutory penalties pursuant to Cal. Civ. Code § 1798.84(c);

13      6.   Exemplary and punitive damages;

14      7.   Pre-judgment and post-judgment interest;

15      8.   Reasonable attorneys' fees and costs of suit including but not limited to as

16           allowed under 15 U.S.C. §§ 1681n(a), o(a).

17      9.   Such other and further relief that the Court deems just and proper.

18

19                    Respectfully submitted,

20  Dated:  November 9, 2012   **MARKUN ZUSMAN & COMPTON, LLP**

21

22

23               By: _____

24                    William A. Baird

25                    E. Kirk Wood
                      *Attorneys for Plaintiffs*

26

27

28

**Complaint**

1

## DEMAND FOR JURY TRIAL

2    Plaintiffs demand a jury trial in the above-captioned matter.

3

4                          Respectfully submitted,

5    Dated: November 9, 2012     **MARKUN ZUSMAN & COMPTON, LLP**

6

7

8                    By: _____

9                          William A. Baird
                           E. Kirk Wood
10                         *Attorneys for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28